UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────x
PROTOSTORM, LLC and PETER FAULISI,

                Plaintiffs,

      −against−                             **AMENDED**
                                                **MEMORANDUM & ORDER**
ANTONELLI, TERRY, STOUT & KRAUS, LLP,    08−CV−931 (PKC) (JO)
FREDERICK D. BAILEY, CARL I.
BRUNDIDGE, and ALAN E. SCHIAVELLI,

                Defendants.

─────────────────────────────────────────x
PAMELA K. CHEN, United States District Judge:

        Before the Court is plaintiff Protostorm LLC's ("Protostorm") motion to hold defendant Antonelli, Terry, Stout & Kraus, LLP ("ATS&K"), defendant Alan E. Schiavelli ("Schiavelli"), and non-party ATS&K equity partners in contempt for violation of the Court's Order dated December 24, 2014 (Dkt. 619 ("December 24 Order")). (Dkts. 685−87.) Among other things, the December 24 Order imposed temporary conditions[1] on ATS&K's ability to transfer monies in lieu of posting a bond for staying enforcement of the judgment against ATS&K during the pendency of ATS&K's post-trial motion. (December 24 Order at 1, 4−5.) As set forth in the December 24 Order, the conditions were imposed as a means to provide "additional security" to Protostorm "regarding its ability to recover on the judgment[.]" (*Id.* at 4.)

        The Court reviewed the parties' submissions and heard oral argument on August 3, 2015. For the reasons discussed at the August 3rd oral argument and set forth below, the Court finds

---

[1] The conditions imposed in the December 24 Order modified temporary conditions originally imposed on ATS&K by Court order dated October 29, 2014. (Dkt. 578.)

ATS&K and Schiavelli in contempt of the December 24 Order based on ATS&K's use of funds to pay non-operating expenses after the firm ceased to operate as a law firm.[2]

A district court has "inherent power to hold a party in civil contempt" to "enforce compliance with an order of the court or to compensate for losses or damages." *SD Prot., Inc. v. Del Rio*, 587 F. Supp. 2d 429, 433 (E.D.N.Y. 2008) (citation and internal quotation marks omitted). "A party may be held [liable] in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. It need not be established that the violation was willful." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal citations and quotation marks omitted). The standard for contempt is "rigorous" and requires that the party seeking contempt prove its elements "by clear and convincing evidence[.]" *Schmitz v. St. Regis Paper Co.*, 758 F. Supp. 922, 925 (S.D.N.Y. 1991).

The Court finds that Protostorm has proved ATS&K's contempt by clear and convincing evidence with regard to ATS&K's payment of non-operating expenses after it ceased providing legal services and functioning as a law firm. First, the December 24 Order clearly and

---

[2] Preliminarily, the Court rejects ATS&K's contention that Protostorm's motion should be dismissed for noncompliance with Rule 83.6 of the Joint Local Rules for the Southern and Eastern Districts of New York, which sets forth procedures for commencing a civil contempt motion. ATS&K has not provided any legal support for the denial of a contempt motion on the basis of Rule 83.6 in an analogous situation. (*See* Dkt. 692 at 24−25.) Moreover, Local Rule 83.6 is concerned with providing adequate notice to the alleged contemnor of the contempt proceedings. *See CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship*, 12 CV 8087, 2013 WL 324061, at *1−2 (S.D.N.Y. Jan. 24, 2013); *Harris ex rel. Beare v. Millington*, 07 CV 3391, 2012 WL 2906017, at *1 (E.D.N.Y. Jul. 16, 2012). Here, ATS&K had ample notice of the motion and its bases, and had the opportunity to oppose the motion pursuant to a briefing schedule set by the Court with input from the parties and at oral argument. (*See* June 9, 2015 Minute Order.) In any event, the Court has discretion to depart from the Local Rules. The Court, therefore, finds that Local 83.6 does not pose a barrier to its consideration of Protostorm's contempt motion.

unambiguously prohibited ATS&K from paying expenses beyond "operating expenses incurred in the ordinary course of business[.]" (December 24 Order at 4.) By letter dated June 1, 2015, ATS&K informed Protostorm "that, while ATSK is continuing to operate for limited purposes, it ceased performing legal services as of April 30, 2015." (Dkt. 685 ("Goodman Decl.") Ex. 12.) Thereafter, on June 5, 2015, Protostorm advised the Court of the change in ATS&K's status. (*Id.* Ex. 14.) The Court finds that any payments made by ATS&K *after* it ceased to provide legal services or function as a law firm cannot be considered "*operating* expenses made in the *ordinary* course of business" as contemplated by the December 24 Order. In reaching this conclusion, the Court rejects ATS&K's arguments that the term "operating expenses made in the ordinary course of business" is ambiguous and that *solely* collecting receivables and paying bills, without any ongoing provision of legal services, meets the definition of the "ordinary of course of business" for a law firm.[3]

Second, Protostorm's proof of ATS&K's noncompliance with the December 24 Order is clear and convincing. It is undisputed that, after informing Protostorm that it had ceased providing legal services as of April 30, 2015, ATS&K made payments to firm members and various third parties totaling $118,033 in May 2015. (Dkt. 686 ("Maini Decl.") Ex. A (citing ATSK 03179/03180, included in Goodman Decl. Ex. 3).)

Third, the Court finds that ATS&K did not diligently attempt to comply with the December 24 Order in a reasonable manner. Contrary to what a diligent and reasonable party would have done, ATS&K continued to expend ATS&K's funds despite the firm ceasing to

---

[3] After oral argument, ATS&K sought leave to submit seven additional affidavits from former ATS&K partners and ATS&K's counsel in Virginia, attesting to their understanding that the December 24 Order did not prohibit payments to third parties after ATS&K ceased practicing law. (Dkt. 704 & Exs.) The Court has considered these affidavits but is not persuaded by their contents. Regardless of the subjective expectations of the affiants, the Court finds that the language of the December 24 Order was both clear and unambiguous.

operate as a law firm. To the extent ATS&K was unsure of its obligations under the December 24 Order in light of the change in its business,[4] it was incumbent on ATS&K to seek clarification from the Court. Instead, ATS&K unreasonably failed to inform the Court that it had ceased performing legal services in April or seek guidance from the Court on whether it was permitted to make payments for expenses that logically could be deemed non-operating.

Accordingly, the Court holds defendants ATS&K and Schiavelli in contempt of the December 24 Order.[5]

---

[4] At oral argument, ATS&K sought for the first time to advance an "advice of counsel" defense to contempt. When asked why ATS&K had not raised this argument in its written submission, defense counsel responded that ATS&K had been reluctant to do so because of the sensitivity of disclosing attorney-client privileged information. ATS&K chose that strategy at its peril. Since ATS&K failed to present this argument in its briefing, thereby depriving Protostorm of the opportunity to address it, the Court deems it to be waived. Moreover, since a finding of contempt does not require willfulness and may not be avoided by good faith, *see Paramedics*, 369 F.3d at 655 (violation need not be willful for civil contempt); *S.E.C. v. Musella*, 818 F. Supp. 600, 606 (S.D.N.Y. 1993) ("party seeking a finding of contempt need not show that violation of the order was willful, and good faith is not a defense"), an alleged contemnor may not "rely on his own inadvertence, misunderstanding or advice from counsel" as a defense, *Musella*, 818 F. Supp at 616 (citing cases); *accord Gasser v. Infanti Int'l, Inc.*, 03 CV 6413, 2004 WL 906487, at *4 (E.D.N.Y. Mar. 24, 2004). Thus, even if ATS&K had timely raised an "advice of counsel" defense, it would not have prevailed.

[5] The Court denies Protostorm's request to extend the reach of this contempt order beyond Defendants to the now-former ATS&K equity partners, Stout, Kraus, Montone, Shore, or Skwierwaski. (Dkt. 687 at 15−16.) Unlike Schiavelli, who was a managing equity partner at all times relevant to this action, these partners have not been named in this lawsuit. A non-party may be held in civil contempt of a court order on the grounds that it either is legally identified with the party named in the order or aids and abets the party named in the order in its noncompliance. *See Paramount Pictures Corp. v. Carol Pub. Grp., Inc.*, 25 F. Supp. 2d 372, 374−75 (S.D.N.Y. 1998); *GMA Accessories, Inc. v. Eminent, Inc.*, 07 CV 3219, 2008 WL 2355826, at *12−14 (S.D.N.Y. May 29, 2008). Protostorm has not shown that either of these requirements is met here. While the non-party equity partners may well have had notice of the December 24 Order, Protostorm has not presented any evidence, let alone clear and convincing evidence, that the non-party equity partners had knowledge of, or were involved in, decisions regarding compliance with the December 24 Order. Nor is there any evidence to suggest that the normal duties of the non-party equity partners encompassed accounting and management of the firm. *Cf. Cablevision Sys. Corp. v. Muneyyirci*, 90 CV 2997, 1995 WL 362541, at *2 (E.D.N.Y. June 2, 1995) (finding non-party aided and abetted contempt where the non-party was controlled

The Court has considered and rejects Protostorm's other claimed bases for a finding of contempt. Briefly, with regard to the other examples of ATS&K's noncompliance argued by Protostorm, the Court finds that either the December 24 Order was not sufficiently clear and unambiguous to warrant a finding of contempt on the particular issue, or Protostorm's proof of contempt was not sufficiently clear and convincing.[6]

As to the appropriate remedy for ATS&K's contempt, the Court finds that the surplus in ATS&K's accounts at the close of April 2015 ($60,209.00), plus ATS&K's total revenues in May 2015 ($163,970.00) (*see* Maini Decl. Ex. A) compensates Protostorm for ATS&K's contempt of the December 24 Order on the ground set forth above. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303−04 (1966) ("Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."); *Del Rio*, 587 F. Supp. 2d at 434.[7] The total sanction against defendants ATS&K

---

and used by the enjoined party "as a device to circumvent the Court's orders"). Additionally, Protostorm has not made any showing that the non-party equity partners are "one and the same" with the firm or Schiavelli such that the equity partners can be legally identified with the enjoined parties. *Cf. Spectacular Venture, L.P. v. World Star Int'l, Inc.*, 927 F. Supp. 683, 684-85 (S.D.N.Y. 1996) (finding non-party who was both president and principal of defendant corporation was "one and the same" as the corporation for purposes of contempt analysis).

[6] In particular, while the Court expressed the view at the August 3rd oral argument, that ATS&K's interpretation of the December 24 Order as not requiring ATS&K to make *monthly* deposits of the firm's excess funds into the escrow account rendered the order "nonsensical" and "unenforceable," the Court does not find contempt based on ATS&K's failure to make such monthly deposits, because the order does not explicitly impose this requirement. In addition, the Court accepts the sworn declaration of William Solomon that he became a non-equity partner on July 3, 2015, and thus his draws were not subject to the cap for equity partners set forth in the December 24 Order. (*See* Dkt. 703.)

[7] The Court thus declines to adopt as too far-reaching Protostorm's proposal to set the financial penalty to the total amount of assets Protostorm would have been able to obtain on the judgment had the December 24 Order not been entered. (Dkt. 687 at 15.) ATS&K did not offer a remedy

and Schiavelli for contempt of the December 24 Order is therefore $224,179.00.[8] This amount shall be enforceable against ATS&K's assets and Schiavelli's personal assets.

Based on Protostorm's motion to modify the contempt order (Dkt. 710) and the parties' argument at the telephone conference held on October 13, 2015, the Court revises its original order (Dkt. 709) to direct that the contempt award shall *not* be paid by funds in the special-interest bearing account, which shall be reserved for satisfaction of the February 5, 2015 Amended Judgment. (Dkt. 639.) Additionally, based on the same modification-related arguments, the Court has decided to stay execution of the contempt award pending resolution of any appeal of this order finding contempt and imposing sanctions.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: October 14, 2015
      Brooklyn, New York

---

proposal in its opposition papers and thus waives its ability to present one at this juncture. (*See* Dkt. 692.)

[8] For clarity, the Court notes that Protostorm is entitled to recover the amount of the contempt sanction in addition to the final judgment imposed in this case. (Dkt. 611.)